IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                          ORDER

      v.                                      11-cr-77-wmc-1

MATTHEW HENDRICKSON,

                Defendant.

---

A hearing on the probation office's petition to modify defendant's conditions of supervised release was held on August 2, 2023, before U.S. District Judge William M. Conley, following a status conference last week. The government appeared by Assistant U.S. Attorney Daniel J. Graber. Defendant was present in person and by counsel William R. Jones. Also present was U.S. Probation Officer Ryan E. Plender.

FACTS

Defendant was originally sentenced in the Western District of Wisconsin on June 18, 2012, following his conviction for distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), a Class C felony. Defendant was committed to the custody of the Bureau of Prisons for a 144-month term, with a life term of supervised release to follow. Defendant began his term of supervised release on April 1, 2022.

Defendant has admitted he is exclusively attracted to minors, has continued to view child pornography for purposes of sexual gratification, possession of unauthorized electronics and has been going on walks in parks where he knows children are present. On one occasion, he also admits to having had an unauthorized, self-described "awkward" conversation with a minor.

Thus, on June 26, 2023, the court signed a *Petition for Summons for Offender under Supervision* in response to alleged violations related to conduct that presents risks to minors, as well as conduct related to unauthorized information technology (IT) devices that were seized from defendant's residence and sent for forensic evaluation to identify content. At this time, both parties support a continued postponement of the judicial review to allow for the completion of the IT forensic evaluation findings.

However, in the interim, the probation office requested this hearing to address the proposed modifications to the conditions of supervised release in this case to address a more immediate identified risk to the community. Specifically, the probation office presented defendant with the option to modify his conditions of supervision voluntarily in lieu of this formal court hearing by adding location monitoring and a prohibition specifying locations devoted to minors where he is not to be present. For reasons that remain unclear, the defendant has declined to consent to these modifications.

## CONCLUSIONS

The two additional special conditions (nos. 16 and 17) of supervised release are warranted for the following reasons: (1) despite attempted intervention by the probation office, defendant continues to engage in behavior that puts children in the community at risk; and (2) his admissions that he is exclusively attracted to children sexually, coupled with his visits to places where children are commonly present, heightens the risk of children being victimized by defendant. The addition of these conditions is sufficient, but not greater than necessary, to monitor defendant's activities in the community to address the risks he currently poses. Regardless, following a colloquy on the record with the defendant, he and his counsel ultimately stipulated to entry of the following two conditions.

ORDER

IT IS ORDERED that defendant's special conditions of supervision are MODIFIED as follows:

<u>Addition of Special Condition No. 16:</u> Participate for a period of 180 days in a location monitoring program that may include the following technologies: passive global positioning system (GPS) monitoring or active GPS monitoring. Defendant shall abide by the technology requirements implemented at the direction of the supervising U.S. Probation Officer. Defendant shall be responsible for the cost of location monitoring.

<u>Addition of Special Condition No. 17:</u>   Defendant shall not go to, or remain at, any place for the purpose of observing, communicating with, or spending time with minors. Defendant must stay at least 1,000 feet away from any recreational or educational facility devoted to children, such as schools, playgrounds, skate parks, water parks, public parks and swimming pools (if any children are present), children's areas in museums, and toy stores. Exceptions to this condition must be approved in advance by the supervising U.S. Probation Officer.

Entered this 2nd day of August, 2023.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge