IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MATTHEW HENDRICKSON,

        Defendant.

ORDER

11-cr-77-wmc-1

---

A hearing on the probation office's petition for judicial review of Matthew Hendrickson's supervised release was held on October 3, 2023, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Daniel J. Graber. Defendant was present in person and by counsel William R. Jones. Also present was U.S. Probation Officer Michael Sutor.

## FACTS

From the record, I make the following findings of fact. Defendant was sentenced in the Western District of Wisconsin on June 18, 2012, following his conviction for distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 144 months, with a life term of supervised release to follow.

Defendant began his term of supervised release on April 1, 2022. Since then he has admitted to being exclusively attracted to minors, continued to view child pornography for purposes of sexual gratification, possessed unauthorized electronics, and going on walks in parks where he knew children were present. On one occasion, he also admits to having had an unauthorized, self-described "awkward" conversation with a minor.

Based on these admissions, the court has already added conditions for 6 months of location monitoring and restrictions on his being near places where children typically gather. Regardless, he has already violated the mandatory condition prohibiting him from committing another federal, state, or local crime, and Special Condition No. 9 prohibiting him from possessing child pornography, by possessing an unauthorized smartphone with internet access capability from May 2022 until January 2023, which by his own admission on April 3, 2023, he used to download, possess, and view child pornography.

Defendant violated Special Condition No. 7 requiring him to provide advance notice to the supervising U.S. Probation Officer of any information technology (IT) devices he will use during the term of supervision. Specifically, he possessed an unauthorized smartphone from May 2022 until January 2023, again as evidenced by his admission on April 3, 2023. In response to defendant's April 3, 2023, disclosures, the probation office also conducted a search of defendant's residence on May 9, 2023, and found in his possession additional, unauthorized IT devices, including an iPod Touch and an external hard drive. While those devices were then sent to a forensic computer laboratory for analysis to identify the contents, no illicit or prohibited content was discovered.

Finally, defendant violated Standard Condition No. 3 requiring him to answer truthfully all inquiries by the supervising U.S. Probation Officer, having falsely reported that he did not have any unauthorized access to the internet on his monthly supervision reports, forms which he regularly signed and submitted. So, too, was defendant untruthful when asked on multiple occasions by his supervising U.S. Probation Officer between May 2022 and January 2023 whether he had possessed any unauthorized IT devices.

On September 13, 2023, this court issued a warrant after reviewing the *Supplemental Petition for Offender Under Supervision.* (Dkt. #69.) Included in that petition was defendant's self-written "rules and guidelines," which outlined his plan to exchange and to engage in ongoing viewing of child pornography with the likelihood of eventually having sex with a minor. This self-concocted plan further demonstrates the elevated risk defendant presents when compared to other persons under supervision for similar offenses. Indeed, defendant's continued criminal thinking is cause for significant concern regarding the public's safety, especially the safety of minor boys between the ages of 8 to 12 years.

## CONCLUSIONS

Nevertheless, the defendant is undergoing ongoing therapy and in the end he committed to not engaging in any violation of laws protecting minors, including violations of child pornography laws or any form of hands-on contact or interactions with minors. He has also been warned that any further acts of dishonesty with the Probation Office or other terms and conditions of supervision will result in his promptly being brought back before me.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on June 18, 2012, is CONTINUED and he is to be RELEASED from physical custody.

IT IS FURTHER ORDERED that defendant's conditions of release numbered 23 and 25 are modified as follows:

| | SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|---|
| 23) | Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer, but to include ongoing sex offender treatment and a full psychiatric examination. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. | Based on defendant's history of mental health problems and needs for continued treatment and/or medication, as well as to assist in identifying and addressing defendant's acute and stable dynamic risk factors for re-offending. |
| 25) | Participate for a period of 12 months in a location monitoring program that may include the following technologies: radio frequency (RF) monitoring, passive global positioning system (GPS) monitoring, active GPS monitoring, or voice recognition. Defendant shall abide by the technology requirements implemented at the direction of the supervising U.S. Probation Officer. Defendant shall be responsible for the cost of location monitoring. | Based on defendant's instant offense and to address the risk defendant poses based on his violation behavior. |

Entered this 4th day of October 2023.

BY THE COURT:

WILLIAM M. CONLEY
District Judge